IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE C. TRENTADUE,<br><br>                Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION and FEDERAL BUREAU OF INVESTIGATION, OKLAHOMA CITY FIELD OFFICE,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:04CV772 DAK |

       This matter is before the court on Plaintiff Jesse C. Trentadue's Motion to Conduct Discovery. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

       Plaintiff filed this action in August 2004, alleging that the FBI had failed to provide certain documents that were responsive to his FOIA request. In the instant motion, Plaintiff seeks an Order from the court allowing him to take–and videotape–the depositions of Terry Lynn Nichols and David Paul Hammer. The FBI contends that this court does not have jurisdiction to award such relief because, among other things, after this court issued its Memorandum decision

resolving Plaintiff's FOIA claims, there no longer existed any 'case or controversy' sufficient to confer subject matter jurisdiction on this court.

The court, however, disagrees with the FBI's contention. This case has not yet been closed by the court and remains on the list of the court's active pending cases. In the court's view, the March 30, 2006 Amended Memorandum Decision did not necessarily end this action.

Specifically, on May 5, 2005, the court found that the FBI's search was not reasonably calculated to discover the requested documents, and the court ordered the FBI to search specific case files, to produce unredacted copies of various documents, and to produce other documents responsive to Plaintiff's FOIA request. Subsequently, Plaintiff objected to the redactions contained in the documents and argued that the FBI's search was still inadequate. In response, the FBI claimed that its redactions were appropriate and that it had not even been required to produce these documents because they were not responsive to Plaintiff's FOIA request. The FBI sought reconsideration of the court's previous determination that the FBI's original search was not reasonably calculated to locate responsive documents. In addition, the FBI requested a determination that its manual search of five files, and the ZYIndex search of the OKBOMB file fulfilled the FBI's responsibilities to locate responsive documents under FOIA and that no further search was required.

The court specifically stated in its March 29, 2006 Order that it declined to reconsider its previous determination regarding the reasonableness of the FBI's initial search and the need to conduct additional manual searches. Moreover, the court ordered the FBI to conduct two more

limited searches in the OKBOMB file and noted that "it is troubling that so many of the documents produced by the FBI refer to FD-302s that were or should have been prepared, and the disclosed documents also refer to other attachments that at one time appear to have accompanied the document, yet these documents have not been produced. While the FBI's failure to discover documents is not necessarily an indication of bad faith, it is puzzling that *so many* documents could be referenced but not produced." The court, however, declined to order further searches beyond what the court had already specifically ordered.

The court had also noted in its May 5, 2005 Order that "[u]pon Motion, the court will allow Plaintiff to conduct discovery should the FBI fail to produce documents and/or records responsive to this FOIA requests." In light of (1) the court's previous finding that the FBI's original search was not reasonably calculated to locate responsive documents; (2) the troubling absence of documents to which other documents referred; and (3) the information that Plaintiff has thus far discovered from Terry Lynn Nichols and David Paul Hammer, the court is persuaded that it continues to maintain jurisdiction over this action, and, furthermore, that by allowing the requested depositions, Plaintiff may be better able to identify the existence of other records responsive to his FOIA request that have not yet been produced.

Therefore, for these reasons and the reasons set forth by Plaintiff in his memorandum in support and his reply memorandum, IT IS HEREBY ORDERED that Plaintiff's Motion [docket # 97] is GRANTED. The court notes that it is not compelling Nichols and Hammer to cooperate; rather, the court is permitting Plaintiff to take–and videotape–the depositions, so long as these individuals are willing to cooperate. In addition, the court is ordering the respective

federal correctional institutions to cooperate in allowing Plaintiff to take these depositions.

DATED this 20th day of September, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge